■ In the Matter of the Claim of JEROME BATCHELOR, Claimant, v NYC DEPARTMENT OF CORRECTIONS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. RELLA & ASSOCIATES, P.C., Appellant. [999 NYS2d 272]—

McCarthy, J.P. Appeal from a decision of the Workers' Compensation Board, filed June 12, 2013, which, among other things, assessed a monetary penalty against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii).

The Workers' Compensation Board was authorized to assess reasonable counsel fees against claimant's counsel pursuant to Workers' Compensation Law § 114-a (3) (ii) for a frivolous application for change of venue, and substantial evidence supports its decision to do so here (see Matter of Cedeno v PACOA, 120 AD3d 1458, 1459 [2014]; Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196 [2013]). Claimant lives and works in New York City, and the injury that led to this application for workers' compensation occurred there. Counsel for claimant was well aware of the Board's policy that such a claim must be venued in a district office where the municipal employer is located. Counsel nevertheless submitted a handwritten note, purportedly authored by claimant, making unsubstantiated assertions that efficiency and convenience would be well served if the case were moved to the City of White Plains, Westchester County. The Board observed that the language of claimant's note mimicked unsuccessful change of venue applications made by other claimants represented by the same counsel, and further pointed out the lack of substantive support for the present application. Under these circumstances, the Board did not abuse its discretion in assessing $750 in reasonable counsel fees against counsel for claimant (see Matter of Thomas-Fletcher v New York City Dept. of Corr., 120 AD3d 867, 868 [2014]). Counsel's remaining contentions have been examined and are wholly without merit.

Garry, Lynch, Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.